**NOT FOR PUBLICATION**

                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

AUDREY CARTER,                      :
                                    :  Civil Action No. 09-4032(FLW)
            Plaintiff,              :
                                    :
                                    :
      v.                            :  **OPINION**
                                    :
RICHARD FAIRBANKS, et al.,          :
                                    :
            Defendants.             :

**APPEARANCES:**

   AUDREY CARTER, Plaintiff pro se
   P.O. BOX 2113
   Trenton, New Jersey 08607

**WOLFSON, District Judge**

   Plaintiff Audrey Carter (hereinafter "Plaintiff"), brings this action in forma pauperis, alleging that the named defendants discriminated against her with respect to her credit card account. (Plaintiff's Complaint, pg. 1). The Court has considered Plaintiff's application for indigent status in this case and concludes that she is permitted to proceed in forma pauperis without prepayment of fees or security thereof, in accordance with 28 U.S.C. § 1915(a). However, having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, this Court finds that this action should

be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff brings this action against the following defendants: Richard Fairbanks and Capitol One.  (Compl., pg. 1). She alleges that, on or before 1999 and thereafter, defendants took advantage of her as a woman creditor, by increasing her interest rate and balance, and not giving her credit insurance while she was hospitalized and unemployed.  Plaintiff asks that her original credit card balance be restored, that her bad credit rating be corrected, and that she be awarded $1 million for embarrassment and stress from continuous creditor phone calls.

## DISCUSSION

**A.   Standard of Review**

The Complaint by a litigant proceeding in forma pauperis is subject to sua sponte dismissal by the court if the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969

F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

The Supreme Court recently refined the standard for summary dismissal of a Complaint that fails to state a claim. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme

Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

>     misconduct, the complaint has alleged-but it has not
>     "show[n]"-"that the pleader is entitled to relief." <u>Fed.
>     Rule Civ. Proc.</u> 8(a)(2).

<u>Iqbal</u>, 129 S.Ct. at 11949-1950 (citations omitted).

The Court further explained that

>     a court considering a motion to dismiss can choose to begin
>     by identifying pleadings that, because they are no more than
>     conclusions, are not entitled to the assumption of truth.
>     While legal conclusions can provide the framework of a
>     complaint, they must be supported by factual allegations.
>     When there are well-pleaded factual allegations, a court
>     should assume their veracity and then determine whether they
>     plausible give rise to an entitlement to relief.

<u>Iqbal</u>, 129 S.Ct. at 1950.

This Court is mindful that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of Plaintiff, even after <u>Iqbal</u>. See <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000).

=**B.   Failure to State a Claim**

It appears that Plaintiff is complaining about the billing practices of her credit card company, defendant Capitol One. She disputes her credit card balances and the refusal of the company to give her credit insurance to pay her credit card balance while she was hospitalized and out of work. She further alleges that

she has been overcharged on her account.  She seeks to correct her credit rating and demands $1 million in damages.

The Fair Credit Billing Act ("FCBA"), part of the Truth in Lending Act ("TILA")[2] (15 U.S.C.A. § 1601 et seq.), was designed by Congress to protect consumers from inaccurate and unfair credit practices.  Fairley v. Turan-Foley Imports, Inc., 65 F.3d 475 (5th Cir. 1995).  Under 15 U.S.C. § 1640(e), TILA claims have a one year statute of limitations.  Thus, a borrower may bring an action for damages within one year of an alleged violation.  See Nix v.. Option One Mortg. Corp., No. 05-3685, 2006 WL 166451, at *3 (D.N.J. Jan. 19, 2006).

The FCBA creates duties in a creditor to correspond with a consumer and resolve billing differences.  Pinner v. Schmidt, 805 F.2d 1258, 1264 (5th Cir. 1986).  The creditor's duties are triggered by its receipt of written notice in which the consumer states his name and the relevant account number, his belief that the statement contains a billing error, the reasons for his belief, and the amount of the error.  See 15 U.S.C. §§ 1666(a)(1), (2), and (3); Conn-Burnstein v. Saks Fifth Ave. & Co., 85 Fed. Appx. 430, 431, 2003 WL 23156639, at *1 (6th

---

[2]  The TILA is designed to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a).

6

Cir.2003). Upon receipt of this notice, the creditor must: (1) within 30 days, send a written acknowledgment that it has received the notice; and (2) within 90 days or two complete billing cycles, whichever is shorter, investigate the matter and either (a) make appropriate corrections in the consumer's account or, (b) before making any attempt to collect the disputed amount, send a written explanation of its belief that the original statement was correct. See American Express Co. v. Koerner, 452 U.S. 233, 235-37 (1981). A creditor that fails to comply with Section 1666(a) forfeits its right to collect the first $50 of the disputed amount including finance charges, and may be held liable to the consumer. 15 U.S.C. § 1666(e); Gray v. American Express Co., 743 F.2d 10, 13-14 (D.C.Cir. 1984).

   Here, Plaintiff's complaint fails to adequately alleged a cause of action under the FCBA. A creditor's obligations under the FCBA are triggered upon receipt of a letter that complies with 15 U.S.C. §§ 1666(a) et seq., but liability can be imposed only upon failure to meet those obligations. Here, the Complaint contains no factual allegations that Plaintiff corresponded with defendants to complain about her credit billing balances in compliance with § 1666(a). In fact, Plaintiff states only that she spoke with telephone representatives and asked for a copy of her credit card contract. After two months, Plaintiff states

7

that she told the creditor to take her to court.  (See, Complaint at Brief).

Moreover, from the face of the Complaint, it appears that the action is now time-barred.  Plaintiff states that her allegations concerning credit card protection, her contractual agreement and her billing charges occurred "on or before and after 1999."  (Id.).  She provides no other dates with respect to her dispute with the defendants concerning her credit account.  Thus, any claims Plaintiff may now have as to her 1999 contract agreement have long since expired.

Finally, this Court finds that Plaintiff has failed to plead anything other than a bald conclusory allegation that she has been harassed by continuous creditor phone calls.  She alleges no facts to show that the creditor has violated any laws or conducted any unlawful practice in this regard.  She alleges no facts to show that the defendant discriminated against her on account of her race or gender.  Accordingly, Plaintiff has failed to plead any plausible claim for relief at this time.

## CONCLUSION

For the reasons set forth above, this Court will dismiss Plaintiff's Complaint, in its entirety, as against all named defendants, for failure to state a claim at this time.  An appropriate Order accompanies this Opinion.

                               S/Freda L. Wolfson
                               FREDA L. WOLFSON
Dated: September 1, 2009     United States District Judge